SCOTT N. SCHOOLS (SCSBN 9990)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

BENJAMIN T. KENNEDY (CASBN 241350)
Assistant United States Attorney

   150 Almaden Boulevard
   San Jose, California 95113
   Telephone: (408) 535-5059
   Facsimile: (408) 535-5066
   Email: benjamin.t.kennedy@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br> v. <br> DANIEL VICTORIA-BENTANCOURT, <br>     Defendant. | No.   CR 07-00340 RMW <br><br> UNITED STATES' SENTENCING MEMORANDUM |

**I.   Introduction.**

The United States hereby submits its sentencing memorandum in the above-referenced case. On July 9, 2007, defendant Daniel Victoria-Bentancourt (hereinafter "the Defendant") entered a guilty plea to the sole count of an indictment, charging him with Illegal Reentry Following Deportation, in violation of Title 8, United States Code, Section 1326. Sentencing is scheduled for October 1, 2007. With the exception of the sentencing recommendation, the government accepts and agrees with the facts set forth in the Presentence Report (the "PSR") submitted by Probation Officer, Waseem Iqbal. For the reasons stated below, the government recommends that the Court sentence the

Defendant to 77 months imprisonment, which is on the low end of the guideline range.

**II.  Discussion.**

    **A.  Sentencing Guidelines Calculation.**

Pursuant to the United States Sentencing Guidelines ("U.S.S.G"), which are advisory after the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), the Defendant has an adjusted offense level of 24. PSR, ¶¶ 14-19. Pursuant to U.S.S.G. §§ 3E1.1(a) and (b), Acceptance of Responsibility, the Defendant is eligible for a downward adjustment of three levels, resulting in a total offense level of 21. PSR, ¶¶ 20-24. Probation Officer Iqbal calculates that the Defendant has 14 criminal history points, and, therefore, falls into Criminal History Category VI. PSR, ¶ 33. A total offense level of 21 when indexed with a Criminal History Category of VI yields a guideline range of 77 to 96 months. The PSR has recommended a sentence of 50 months imprisonment, three years of supervised release, along with a $100 special assessment.

    **B.  The Government's Sentencing Recommendation.**

        **1.  The Defendant's Two Prior Convictions Under Cal. Penal Code § 245(a)(1) Warrant a Guideline Range Sentence.**

The government recommends that the Court sentence the Defendant to 77 months imprisonment and three years of supervised release.  The government believes that such a sentence, which takes into account the calculations under the Sentencing Guidelines, as well as the factors set forth in 18 U.S.C. § 3553(a), is both reasonable and achieves the goals of sentencing.

In reaching the guideline range of 77 to 96 months, the PSR properly allocates a 16 level enhancement under U.S.S.G. § 2L1.2 (b)(1)(A)(ii) to the Defendant for his April 29, 1998 conviction for Assault With a Deadly Weapon/Great Bodily Injury Likely. For this conviction, the Defendant was sentenced to two years in the Bureau of Prisons. The Defendant was arrested again for this very same offense several years later, on August 25, 2003. And for the third time the Defendant was arrested for this offense, and this time convicted on May 10, 2004. For this conviction the Defendant was sentenced to 4 years in

prison. The details of each of these convictions are significant for sentencing purposes and are fleshed out below.

The Defendant's first conviction for Assault With a Deadly Weapon, occurred as a result of the Defendant shoplifting several items from a department store, and a subsequent altercation with the store security guard and the manager. During the course of the fight the Defendant pulled a knife from his pocket and cut the manager on her arm, causing a laceration 1/4 to 1/2 inch in length. *See* Probation Officer's Report, Superior Court of California, County of Los Angeles, Re. Case No. BA184084, p. 3.

The circumstances of the Defendant's second conviction under Cal. Penal Code § 245(a)(1) occurred as a result of a dispute between the Defendant and his former girlfriend. There, shortly after the victim broke off her relationship with the Defendant, he proceeded to pursue her and threatened to kill her if she dated another man. *See* Probation Officer's Report, Superior Court of California, County of Los Angeles, Re. Case No. BA260533, p. 3. These threats culminated one morning when the victim awoke with the Defendant standing over her and choking her, stating that he was going to kill her and that he was going to bite off her nose. *Id.* The Defendant then attempted to bite the victim's nose off, causing a very serious injury to her. *Id.*

There is a striking similarity in the violent nature of each of these crimes. And under the Sentencing Guidelines, such criminal conduct is properly taken into account when calculating a particular defendant's offense level, criminal history category and corresponding sentence. Indeed, in enacting the graduated sentencing enhancements under the 2001 amendments to U.S.S.G. § 2L1.2 Congress specifically targeted aggravated assault as a *per se* crime of violence, warranting a 16 level enhancement. Certainly, here, the Defendant's conduct fits within this narrowly crafted category of crimes Congress sought to punish by imposing a greater sentence.

Moreover, the Defendant's guideline range here does not reflect a series of insignificant crimes, where his resulting criminal history category and offense level are overstated. In fact, the Defendant has repeatedly committed a serious offense, involving a

physical assault on another and a substantial injury to the victim.

Accordingly, the government believes that a sentence of 77 months imprisonment, which corresponds to a Criminal History Category of VI, and an Offense Level of 21, is sufficient to achieve the goals of sentencing here, and to afford adequate deterrence to criminal conduct. Finally, the PSR does not recommend a fine, and, therefore, the government asks the Court not to impose one. The Court is required to impose a special assessment of $100.00.

DATED: September 25, 2007               Respectfully submitted,

                                        SCOTT N. SCHOOLS
                                        United States Attorney


                                        _____/s/_____
                                        BENJAMIN T. KENNEDY
                                        Assistant United States Attorney